637 A.2d 669

**MILLCREEK TOWNSHIP, Appellant,**

v.

**MILLCREEK POLICE ASSOCIATION.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1993.

Decided Jan. 14, 1994.

Richard W. Perhacs, for appellant.

Charles D. Agresti, for appellee.

Before CRAIG, President Judge, and McGINLEY, J., and NARICK, Senior Judge.

CRAIG, President Judge.

Millcreek Township appeals an order of the Court of Common Pleas of Erie County, which dismissed the township's petition to vacate, modify, or correct item number 5 of an arbitration award, which directed that the township modify its pension plan document to allow retiring police officers from the Millcreek Police Association (Association), to withdraw contributions which the officers made during the period of their employment.

The sole issue on appeal is whether, under Act 111, Act of June 24, 1968, P.L. 237, 43 P.S. §§ 217.1–217.10, an arbitration panel has the authority to direct a municipality to refund, to police officers, contributions made by the officers to a police pension fund, where the Police Pension Fund Act (Act 600), Act of May 29, 1956, P.L. (1955) 1804, *as amended,* 53 P.S. §§ 767–78, does not specifically authorize such an action.

## FACTS

The facts, as averred in the pleadings, follow. Because the township and the Association reached an impasse while negotiating the terms of a collective bargaining agreement, which was to become effective on January 1, 1993, the parties submitted the matter to a board of arbitrators for resolution in accordance with section 4(a) of Act 111, which provides in relevant part:

> If in any case of a dispute between a public employer and its policemen or firemen employes the collective bargaining process reaches *an impasse and stalemate,* or if the appropriate lawmaking body does not approve the agreement reached by collective bargaining, with the result that said employers and employees are unable to effect a settlement, then either party to the dispute, after written notice to the other party containing specifications of the issue or issues in dispute, *may request the appointment of a board of arbitration.*

(Emphasis added.)

After conducting a hearing, the panel of arbitrators issued an award.

In this case, the arbitration panel's award directed that the township amend its pension plan document to allow retiring police officers to withdraw contributions which the officers made during the period of their employment. In item number five of the award, the panel directed the township to add the following terms to the pension plan document:

"A. All contributions made by an officer in order to fund the pension plan during the period of his employment by the Township *shall, upon the officer's retirement, be retroactively eliminated and returned to the officer with accrued interest, as defined by Section 1.020 of the pension plan document.* Any cost to the plan to provide this retroactive elimination of contributions (following an actuarial study and report to be provided by the fund), to the extent not covered by any state aid, shall be shared by the Township, and the police officers by the resumption of contributions at an appropriate percentage of gross pay, as may be authorized by Act 600 and necessary from time to time hereafter. If the plan is or becomes actuarially sound without the necessity of contributions by the Township or the police officers, at any time hereafter, said contributions shall be suspended."

(Emphasis added.)

Section 1.020 of the pension plan document states:

## ARTICLE I

## DEFINITIONS

. . . . .

1.020 "Accumulated Contributions" shall mean the total amount contributed by any Participant to this Fund or its predecessor by way of payroll deduction or otherwise, plus *interest credited at five percent per annum. Such interest shall be credited annually in the form of a compound interest rate up to the date on which the Participant's Employment is terminated.*

(Emphasis added.)

The township filed a petition to vacate, modify, or correct item five of the award, with the trial court. That court dismissed the petition and affirmed the award. The township appealed the trial court's decision to this court.

## ANALYSIS

Our scope of review of interest arbitration awards [1] which are negotiated or awarded under Act 111 is the "narrow certiorari" standard. Under that standard, this court may only review an arbitration award to determine whether 1) the arbitrators lacked jurisdiction to decide the issues in dispute, 2) the proceedings were conducted properly, 3) the arbitrators exceeded their authority, or 4) the arbitrators have decided constitutional questions properly decided by a court. *Stroud Township v. Stroud Township Police Department Association,* 157 Pa.Commonwealth Ct. 228, 629 A.2d 262, 263 (1993), citing *Appeal of Upper Providence Township,* 514 Pa. 501, 526 A.2d 315 (1987).[2]

The township contends that, under Act 111, the arbitration panel does not have the authority to direct the township to refund amounts which the officers contributed to the police pension fund because Act 600 does not specifically authorize such an action.

**1.** "Interest arbitration" involves cases such as the present case, where the parties are unable to arrive at an agreement while negotiating a collective bargaining agreement, and submit the collective bargaining agreement issues to an arbitration panel for resolution.

**2.** This court notes that in the recent case of *Pennsylvania State Police v. Pennsylvania State Troopers' Association (Trooper James Betancourt),* 159 Pa.Commonwealth Ct. 489, 633 A.2d 1278 (1993), this court held that in *grievance arbitration award* cases (those cases which concern arbitration awards which arise out of collective bargaining agreements negotiated or awarded under Act 111, which involves grievance complaints by employees with regard to employers imposing some form of discipline upon employees), the standard of review of an arbitration award is not the narrow certiorari test, as is the case with *interest arbitration award* cases, but is the "essence test." That test requires this court to uphold the *grievance* arbitration award if that award "draws its essence from the collective bargaining agreement."

Section 1 of Act 600, which gives a township authority to establish pension funds, states in relevant part:

Each borough, town and township of this Commonwealth maintaining a police force of three or more full-time members shall, and all other boroughs, towns or townships may, establish, by ordinance or resolution, a police *pension fund or pension annuity* to be maintained by a charge against each member of the police force, by annual appropriations made by the borough, town or township, by payments made by the State Treasurer to the municipal treasurer from the moneys received from taxes paid upon premiums by foreign casualty insurance companies for purposes of pension retirement for policemen, and by gifts, grants, devises or bequests granted to the pension fund pursuant to section two of this act. Such fund shall be under the direction of the governing body of the borough, town or township, and applied under such regulations as such governing body, by ordinance or resolution may proscribe....

(Emphasis added.)

In *Stroud, supra,* this court reversed a trial court's decision which confirmed an interest arbitration award.[3] This court held that arbitrators lack authority under Act 111 to issue an interest arbitration award which, dealing with the township's collective bargaining agreement, added language which required the township to return, in the third year of the agreement, Act 600 pension contributions made by the police officers in the year preceding the agreement, because the township did not have the authority to return the pension contributions once they were paid into the fund. The court noted that the award was a one-time payment and not a pension or annuity payment. *Stroud,* 157 Pa.Commonwealth Ct. at 231–33, 629 A.2d at 264.

This court reasoned in *Stroud* that our holding in *Fedor v. Borough of Dormont,* 36 Pa.Commonwealth Ct. 449, 389 A.2d 217 (1978) stood for the principle that pension funds which

3. This court notes that, in the present case, the trial court relied on the trial court's decision in *Stroud,* which this court reversed *after* the trial court in this case rendered its decision.

were established pursuant to Act 600 may not be distributed to eligible officers except in the form of pension or annuity. *See also Borough of Nazareth v. Nazareth Borough Police Association*, 161 Pa.Commonwealth Ct. 354, 636 A.2d 1289 (1994), where this court, relying on *Stroud*, affirmed a decision of the trial court which held that an interest arbitration panel exceeded its authority by directing a refund of pension contributions which police officers had made to a pension plan.

That court further noted that the legislature did not intend to allow a *retroactive* refund to officers who are eligible for pension because section 9 of Act 600 specifically covers instances when a governing body may give officers a retroactive refund of all the money which the officers contributed to the fund. That section authorizes retroactive refunds to those officers who are *ineligible to receive a pension after contributing to the fund during their employment. Id.*, 157 Pa.Commonwealth Ct. at 233, 629 A.2d at 264.

The Association argues that this court should overrule *Stroud* on the ground that *Stroud* conflicts with this court's decision in *Henshey v. Township of Lower Merion*, 138 Pa.Commonwealth Ct. 360, 588 A.2d 83 (1991). Specifically, the association contends that this court has used two distinct lines of reasoning in arbitration award cases such as this case.

The Association contends that 1) the *Stroud* court relied on *Fedor* to uphold the proposition that, unless a particular act is specifically permitted by law, that act, by implication, is prohibited, and 2) the *Henshey* court upholds the proposition that, unless compliance with an Act 111 award would conflict with a fundamental statutory scheme, that award is valid.

The Association argues that the *Henshey* analysis is more logical, and the appropriate question in Act 111 case would be to determine the statutory scheme or legislative intent behind Act 600.

However, this court's holding in *Henshey* does not conflict with that in *Stroud*. The *Henshey* court merely noted that an arbitration panel may not mandate that a governing body carry out an illegal act, and thus arbitration awards may not

conflict with a fundamental statutory scheme. In addition, this court in *Stroud* looked to the *legislative intent* behind Act 600 and, as explained above, concluded that the legislature did not intend to allow a retroactive refund to officers *eligible* to receive pension benefits.

The Association also contends that in *Township of Moon v. Police Officers of the Township of Moon,* 508 Pa. 495, 498 A.2d 1305 (1985), the Pennsylvania Supreme Court adopted the "fundamental statutory scheme" approach of *Henshey.* However, in *Township of Moon,* the Supreme Court merely held that an interest arbitration panel is authorized to modify a preexisting residency requirement in a collective bargaining agreement where that residency requirement has not been preempted by, or prohibited by, an existing statute.

This court notes that this case is similar to *Stroud, supra,* with the exception that in *Stroud* the arbitration award directed the township to return only one year of the officers' contributions, and in this case the award directs the township to return *all* of the officers' contributions towards the pension fund during the period of their employment with the police force.

Thus, this court concludes that, under Act 111, the arbitration panel does not have the authority to direct the township to refund the police officers' contributions which the officers contributed to the police pension fund, where Act 600 does not specifically authorize such an action.

Accordingly, the decision of the trial court is reversed.

### ORDER

NOW, January 14, 1994, the decision of the Court of Common Pleas of Erie County, dated May 17, 1993, at No. 12829–1992, is reversed.