Paul W. Kosey, Sr., Appellant *v.* City of Washington Police Pension Board and the City of Washington, Appellees.

Submitted on briefs March 3, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*W. Bryan Pizzi, II, Rosenberg, Sewak & Pizzi,* for appellant.

*George K. Hanna, Hanna, Mitchell & Mitchell,* for appellees.

OPINION BY JUDGE BARBIERI, April 22, 1983:

Paul W. Kosey, Sr. (Appellant) appeals here from a final decree of the Court of Common Pleas of Washington County dismissing a complaint in equity he filed against the City of Washington (City) and the City of Washington Police Pension Board (Board). We affirm.

In 1936 the City enacted an ordinance[1] establishing a police pension fund pursuant to the mandate of Section 4301 of The Third Class City Code (Code), Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §39301. Section 11 of this ordinance, mirroring the statutory language of Section 4303 of the Code,[2] 53 P.S. §39303, reads as follows:

*Section 11.* The basis of the apportionment of the pension shall be determined by the rate of the monthly pay of the member at the date of injury, death, honorable discharge or retirement, and, except as to service increments as provided in the law, shall not in any case exceed in any year one-half the annual pay of such member computed at such monthly rate.

On December 27, 1979, Appellant, a City policeman, notified the City that he intended to retire, and requested that his retirement have an effective date of January 7, 1980. The City Council granted Appellant's retirement request, and Appellant officially retired on January 7, 1980. Thereafter, the City, contrary to its normal policy of not reimbursing police officers for unused vacation days, issued a final check in the amount of $2,079.48 to Appellant which consisted of the following items:

| | |
|---|---|
| Four weeks of unused 1980 vacation time | $1,599.60 |
| One week of regular pay | 399.90 |
| One 1980 paid holiday | 79.98 |
| Total | $2,079.48 |

---

[1] City of Washington ordinance number 324.

[2] Section 4303 of the Code provides in pertinent part that [t]he basis of the apportionment of the pension shall be determined by the rate of the monthly pay of the member at the date of . . . retirement, or the highest average annual salary . . . and . . . shall not in any case exceed in any year one-half the annual pay of such member. . . .

The City also began to pay Appellant a $866.45 monthly pension benefit, the amount of which the Board computed as follows:

| | |
|---|---|
| Salary for 1979 | $19,795.00 |
| Twenty year longevity increment | 1,000.00 |
| Subtotal | $20,795.00 |
| Fifty percent ceiling specified in ordinance | $10,397.50 |
| Monthly payment | $    866.45 |

Thereafter, on July 28, 1981, Appellant filed a complaint in equity against the City and the Board alleging therein that since the City permitted him to retire on January 7, 1980 without taking his unused vacation time, but still paid him for his unused vacation time, this additional compensation should have been used by the Board in calculating his pension benefits. Specifically, Appellant sought to have his monthly pension benefits computed as follows:

| | |
|---|---|
| Salary for 1979 | $19,795.00 |
| Twenty year longevity increment | 1,000.00 |
| Four weeks unused vacation pay | 1,599.60 |
| One paid holiday | 79.98 |
| Subtotal | $22,474.58 |
| Fifty percent ceiling specified in ordinance | 11,237.29 |
| Monthly payment | $    936.44 |

Following a hearing on this matter, conducted on February 2, 1982, the chancellor concluded in his decree nisi that a lump sum payment for unused vacation pay, such as Appellant received, was not an increase in annual pay for the purpose of computing pension benefits under the ordinance since the payment was really in lieu of time off which Appellant could have been compelled to take before his retire-

ment. Appellant subsequently filed exceptions to the decree alleging, *inter alia,* that the chancellor erred by excluding the testimony of a Mr. Robert J. Hess, an actuary, who, Appellant alleged, would have testified "that [Appellant's] pension payment should have included his vacation pay based on practice within the state and would [have] further [testified] that such practice was not in violation of state or local ordinance." Appellant also filed exceptions to the chancellor's conclusion that his receipt of payment for unused vacation time did not effect the computation of his pension benefits. The court of common pleas sitting *en banc,* however, dismissed these exceptions concluding, *inter alia,* that the chancellor properly excluded Mr. Hess' testimony since the question of whether vacation pay should be used in computing pension benefits under the ordinance was one of law. The decree nisi was accordingly rendered absolute, and the present appeal followed.

Before this Court, Appellant alleges that the court of common pleas (1) improperly excluded the testimony of Mr. Hess, and (2) incorrectly concluded that his pension benefits were properly computed by the Board.

As to Appellant's first allegation of error, we initially note that appellate courts in Pennsylvania give a wide latitude to lower courts in their decisions as to whether to admit or exclude a particular witness' testimony. *Griffith v. Clearfield Truck Rentals, Inc.,* 427 Pa. 30, 233 A.2d 896 (1967). In the present case, it is clear, in our view, that the issue Mr. Hess wished to speak to was one of law, and since issues of law are for the court to decide, we believe the chancellor properly excluded Mr. Hess' testimony.

As to Appellant's second allegation of error, we believe that the court of common pleas properly con-

cluded that payment for unused vacation time made to a retiring officer, especially in a municipality which generally does not permit payments to officers for unused vacation time, should not be considered part of that retiring officer's annual pay for the purpose of computing his pension benefits. Although we have not found any caselaw defining the term "annual pay" found in Section 11 of the City's police pension ordinance, nor any caselaw defining the term "annual pay" found in Section 4303 of the Code, we believe that it is clear that neither the City Council in enacting Section 11 of their police pension ordinance, nor the General Assembly in enacting Section 4303 of the Code, intended for certain retirees to receive a large windfall simply because their municipality chose to pay them a lump sum for unused vacation time in lieu of requiring them to take their vacation time prior to their official retirement date. The term "annual pay", of course, is the key to the formula, a common one in pension systems, whereby a pension is determined in relation to two major items: time and money—time served and pay for that service; in this case, the pension year and the pension salary for that year. Here, in our view, both elements or factors are readily capable of interpretation in the light of rational considerations. When the pensioner fixes his date of retirement, he has also defined the retirement period, the prior year, for purposes of calculating his "annual pay." The time element has been determined. He could as well have fixed the date when his unused vacation time would have expired adding the vacation time to his actual date of leaving his work. Certainly, he is not free to add the money to the now fixed retirement year without including the time involved that is represented by that money. To allow Appellant's contention

would allow more than an "annual" period, since he would then have a time factor that exceeded a year by the period of his vacation time. Such a procedure, also, would permit an unacceptable disparity in pension benefits between the one who took off for his vacation during the retirement year and one who saved his vacation time and pay until after the retirement date fixed by him.

In this connection, we see thoughtful merit in language quoted by Judge RODGERS, Chancellor in this case, from the New Jersey case of *Casale v. Pension Commission of Newark*, 78 N.J. Super. 38, 187 A.2d 372 (1963):

> The legislative language here must be twisted and distorted to reach the result plaintiff seeks. The phrase "at the time of his retirement" speaks of only one moment. It is unambiguous. The conclusion follows that the statutory language relates to the actual time of retirement and that a retroactive salary increase is not effective in changing the computation of an employee's pension. To permit retroactive adjustments in salary to effect a pension increase would create a situation fraught with possibilities of favored treatment, potentially destructive of the orderly administration and financial soundness of a pension system. . . .

Also, of interest here, are comments quoted by Judge RODGERS, from the case of *Hessel v. New York City Employees' Retirement System*, 33 N.Y.2d 381 308 N.E.2d 688 (1974).[3]

---

[3] Although the decision is not binding on us, we note that the Court of Appeals of New York in *Hessel*, was interpreting statutory language similar to that found in the City's pension ordinance.

Since the lump-sum payment received by the petitioner for this terminal leave and retirement leave was only in lieu of time off, which he could have taken while still being on the payroll, it may not be added to his compensation for the years prior to his retirement for the purpose of calculating his retirement benefits. . . The lump-sum payments are merely a substitute for deferment of the employee's retirement. There is no manifestation of any legislative intendment that the base salary for these purposes would be affected by the lump-sum cash payments of benefits following retirement.

Finally, we have examined and find inapplicable the case of *Richey v. Borough of Munhall*, decided by Judge WESSEL for the Common Pleas Court of Allegheny County at No. 951, July Term, 1966, where it was ruled that "salary" for pension purposes included overtime. We agree with the comment by the trial chancellor in this case:

In any case, this court finds the *Richey* case inapposite. In *Richey*, admittedly the compensation was paid for overtime services rendered and paid prior to the police officer's retirement. In the case at bar, the lump sum payment for unused vacation days and one holiday was made after Kosey had already retired on January 7, 1980.

Accordingly, since we find no error in the Adjudication and Decree of the chancellor or in the Final Decree of the common pleas court sitting *en banc*, we will affirm.

## ORDER

Now, April 22, 1983, the Final Decree of the Court of Common Pleas of Washington County, dated July 2, 1982, at No. 7794 in Equity, is affirmed.