Charles A. SCHMIDT

v.

**BOROUGH OF STROUDSBURG,**
Appellant.

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1995.
Decided Jan. 12, 1996.
Reargument Denied Feb. 20, 1996.

Ralph A. Matergia, for appellant.

Richard J. Orloski, for appellee.

Before SMITH and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

The Borough of Stroudsburg (Borough) appeals from an order of the Court of Common Pleas of Monroe County (trial court) reversing the Borough Council's denial of Charles A. Schmidt's (Police Officer) claim that overtime wages are included in "salary fixed by ordinance or resolution" for the purposes of calculating benefits paid by the Borough to Police Officer under the Pennsylvania Heart and Lung Act (Heart and Lung Act).[1]

Police Officer, while in the course of his employment with the Borough, sustained a work-related injury and was disabled from February 11, 1992 through December 28, 1992. When a police officer is disabled as a result of the performance of his duties, Section 1 of the Heart and Lung Act, 53 P.S. § 637, provides in part that "any policeman ... who is injured in the performance of his duties ... and by reason thereof is tempo-

---

1. Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637–638.

rarily incapacitated from performing his duties ... shall be paid ... his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased." The Borough paid Police Officer Heart and Lung Act benefits based on his weekly salary fixed by the collective bargaining agreement with its police union at $27,926.61 per annum during the period he was off due to his work-related injury.[2]

▮ Police Officer appealed to the Borough Council, contending that the weekly amount paid in benefits should be calculated so as to include the overtime earned during the past year, which was $10,889.94. After a hearing, the Borough Council found that the Heart and Lung Act only required that Police Officer be compensated at his regular salary, exclusive of overtime and denied Police Officer's appeal. Police Officer then appealed the Borough Council's decision to the trial court, as well as filing a declaratory judgment action seeking to have the overtime included in the calculation of benefits.[3] Reversing the Borough Council and granting Police Officer's motion for summary judgment,[4] the trial court, relying on workmen's compensation principles,[5] held that the Heart and Lung Act required calculation of compensation based on not only Police Officer's regular salary, but also his overtime compensation for the past year. This appeal followed.[6]

▮ As it did before the trial court, the Borough contends that the phrase "full rate of salary as fixed by ordinance or resolution" does not include overtime because overtime is neither "salary" nor is it "fixed". While we have never defined the term "salary" for purposes of the Heart and Lung Act, we have defined the term "salary" for the purpose of calculating retirement benefits under the Act of May 29, 1956, P.L. 1804, *as amended,* 53 P.S. §§ 767–778, authorizing municipalities to create police pension funds. In *Borough of Beaver v. Liston,* 76 Pa. Cmwlth. 619, 464 A.2d 679 (1983), in distinguishing "salary" from the more general term "pay", we stated:

> "Salary" on the other hand, has a more restricted, specific meaning than "pay" as a category of compensation. "Salary" is a special type of compensation, where a fixed, stated amount is paid, periodically as by the year, quarter, month, week, or other fixed period.... While "salary" denotes a fixed amount of compensation periodically paid without regard to hours actually worked, overtime compensation varies according to the amount of extra work performed. [citations omitted]. Rather than being regular, periodic, fixed compensation, overtime earnings are customarily irregularly paid in varying amounts depending upon when, and to what extent, the additional work is actually performed. [citations omitted]. The irregular pay for

2. The collective bargaining agreement setting forth police salaries was adopted by resolution.

3. Employer did not challenge Police Officer's ability to file a declaratory judgment action because of the pending statutory appeal under the Local Agency Law from Borough Council's decision. The trial court consolidated the declaratory judgment action with Police Officer's Local Agency Law appeal.

4. The Borough had also filed a motion for summary judgment.

5. The Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, provides that overtime is to be included in calculating a disabled worker's average weekly wage. Unlike Heart and Lung Act benefits, which are full salary, workmen's compensation is calculated at two-thirds of the average weekly wage until the maximum amount of compensation payable is reached.

6. In reviewing the local agency decision, our scope of review is whether the *Borough Council* violated constitutional rights, committed an error of law or whether necessary findings of facts were unsupported by substantial evidence. *Appeal of Suspension of McClellan,* 82 Pa.Cmwlth. 75, 475 A.2d 867 (1984). While it is problematic whether the declaratory judgment action was properly brought, this court's scope of review on a motion for summary judgment is limited to determining whether the *trial court* made an error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Cmwlth. 99, 632 A.2d 1002 (1993), *petition for allowance of appeal denied,* 537 Pa. 655, 644 A.2d 740 (1994). In any event, no matter whether our review is of the Borough Council or the trial court decision, because the question is one of law, it does not matter whose decision we are reviewing.

the variable number of overtime hours actually worked by appellee during the last sixty months of his employment does not therefore, constitute salary because the payments were not fixed compensation regularly paid.

*Liston,* 464 A.2d at 681.[7] Because that definition is in the context of police benefits based on "salary", that definition is equally applicable in defining "salary" for purposes of the Heart and Lung Act.

 Not considering overtime as salary is further supported by the Heart and Lung Act's modification of the term "salary" by the term "fixed", defined as "to make firm, stable or stationary". *Webster's Ninth Collegiate Dictionary,* 467 (1983). As the parties have stipulated, overtime is necessitated by unforeseen circumstances and is unpredictable and is, therefore, variable rather than fixed. Taking those two terms in context, and even though included in calculation of workmen's compensation benefits,[8] overtime is not "salary fixed by ordinance or resolution" and is not to be included in calculating Heart and Lung Benefits.[9]

Accordingly, the order of the trial court is reversed.

### ORDER

AND NOW, this 12th day of January, 1996, the order of the Court of Common Pleas of Monroe County dated June 21, 1995, is reversed, and this matter is remanded to the Court of Common Pleas for the entry of an order granting the Borough's motion for summary judgment and reinstating the decision of the Borough Council.

Jurisdiction relinquished.

---

7. In *Palyok v. Borough of West Mifflin,* 526 Pa. 324, 586 A.2d 366 (1991), our Supreme Court held that pension benefits under the Police Pension Fund Act may be calculated on the basis of overtime pay. However, unlike the factual situation of *Liston,* in *Palyok,* the Borough deducted retirement contributions from the police officer's overtime pay, and the court found that it would be inconsistent and inequitable to allow the Borough to deduct retirement contributions from the officer's pay and yet exclude overtime pay from the retirement benefit calculation. Thus, *Palyok* contains an element of equitable estoppel not present in *Liston.*

8. Citing *City of Philadelphia v. Philadelphia Rapid Transit,* 337 Pa. 1, 10 A.2d 434 (1940), Police Officer contends that the Heart and Lung Act must be construed consistently with the Workmen's Compensation Act. While that case held that payments under the Heart and Lung Act were similar to worker's compensation payments for purposes of determining subrogation rights, that does not amount to a holding that the Heart and Lung Act should be construed to provide the same compensation formula as the Worker's Compensation Act. To the contrary, in *Colyer v. Pennsylvania State Police,* 165 Pa.Cmwlth. 41, 644 A.2d 230, 233 (1994), noting that the Workmen's Compensation Act is to be liberally construed while the Heart and Lung Act is to be narrowly construed, and citing the substantial differences between the purposes and the language of the two acts, we held that the standard for determining whether an injury is work-related under the Workmen's Compensation Act should not be applied to a claim under the Heart and Lung Act.

9. Even if binding on this court, Attorney General's Opinion, 79–4 Op.Pa. Att'y Gen. (1979), which held that sick and vacation pay are part of the compensation required by the Heart and Lung Act, does not lead to a conclusion that overtime is also part of the compensation required by the Act. As a general matter, there is no variable component to sick and vacation pay, as the number of sick and vacation days are normally fixed by the collective bargaining agreement.