680 A.2d 830

**BOROUGH OF NAZARETH, Appellant,**

v.

**NAZARETH BOROUGH POLICE ASSOCIATION, Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 6, 1995.

Decided July 19, 1996.

.

Edward H. Feege, Jeffrey M. Zimskind, Allentown, for Nazareth Borough.

Gary M. Lightman, James L. McAneny, Harrisburg, for Police Ass'n.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY and CASTILLE, JJ.

### OPINION

NIX, Chief Justice.

The Borough of Nazareth ("the Borough") appeals from the order of the Commonwealth Court which affirmed the order of the Court of Common Pleas of Northampton County in all respects except insofar as it remanded to the arbitration panel for further proceedings. The court of common pleas affirmed in part, reversed in part, and remanded in part an interest arbitration award under Act 111.[1] As is relevant to this case, the court of common pleas upheld an interest arbitration award which provided that pensions to be received by members of the Nazareth Borough Police Association ("the Association") be based upon gross (W–2) earnings. This Court granted allocatur limited to the issue of whether pension benefits are to be calculated on the basis of a pensioner's gross earnings rather than merely that pensioner's base salary when it is found that there is no inequity between the income-driven bases upon which pension contributions are paid into a plan and upon which pension benefits are paid out to beneficiaries. For the reasons that follow, we affirm the order of the Commonwealth Court.

The Borough employs ten full-time and two part-time police officers. The Association is an unincorporated association operated and maintained by four police officers employed by

---

1. Act of June 24, 1968, P.L. 237, 43 P.S. §§ 217.1–217.10. Act 111 applies to police and fire personnel only.

the Borough.   The Borough and the Association failed to successfully negotiate a police contract for the contract year beginning 1991.   By letter dated September 5, 1990, the Association notified the Borough of its intent to proceed to binding arbitration pursuant to Act 111 and enclosed a list of issues in dispute.   Subsequently, on August 7, 1991, the arbitration panel, in a 2–1 decision, issued an award which provided in pertinent part as follows:

ITEM # 7—*Pension Benefits*

. . . .

Section 4.   Effective January 1, 1991, pensions to be received by members of the Police Department shall be based upon gross (W–2) earnings.

(Arbitration Award at 4; R.R. at 21a).

The Borough filed an appeal in the court of common pleas. It challenged the legality of Item 7, section 4 of the arbitration award.   With regard to this section of the award, the court of common pleas affirmed the arbitration panel.[2]   *Borough of Nazareth v. Nazareth Borough Police Ass'n,* No.1991–C–7295 (C.P. Northampton County Feb. 24, 1992).   It found that the pension benefits award based on gross (W–2) earnings was not an abuse of authority.   *Id.* at 8. It reasoned that there was no authority to limit the Borough's ability to set base pension benefits on computations of gross (W–2) earnings.   *Id.* Hence, it held that the arbitration panel was within its authority to require the Borough to do that which the Borough could do voluntarily.   *Id.* (citing *Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969)).

The Commonwealth Court affirmed with regard to this issue.[3]   *Borough of Nazareth v. Nazareth Borough Police*

---

**2.**   The court of common pleas affirmed the arbitration panel's award, except in ₍one respect.   It reversed the section of the panel's award which returned to contributors excess funds in the pension plan because it was beyond the panel's statutory authority.   Borough of Nazareth v. Nazareth Borough Police Ass'n, No.1991–C–7295, slip op. at 10 (C.P. Northampton County Feb. 24, 1992).

**3.**   As stated previously, the Commonwealth Court affirmed the order of the court of common pleas in its entirety except that it reversed the remand to the arbitration panel for further proceedings. *Borough of*

*Ass'n.,* 161 Pa. Commw. 354, 359, 636 A.2d 1289, 1292 (1994). In so doing, it looked to this Court's decision in *Palyok v. Borough of West Mifflin,* 526 Pa. 324, 586 A.2d 366 (1991). It construed *Palyok* as having held that

> the term "salary" as used in Section 5 of [the Police Pension Fund Act, Act of May 29, 1956, P.L. 1804, *as amended,* 53 P.S. § 771 ("Act 600")], must be interpreted to encompass *all* forms of compensation arising from the terms and conditions of the employee's employment and, if the compensation "[arises] from business connected with the [employer]," it is official in nature and should be used in calculating pension benefits.

*Borough of Nazareth v. Nazareth Borough Police Ass'n,* 161 Pa. Commw. 354, 358–59, 636 A.2d 1289, 1292 (1994)(quoting *Palyok v. Borough of West Mifflin,* 526 Pa. 324, 328, 586 A.2d 366, 368 (1991)). Additionally, the Commonwealth Court looked to the Internal Revenue Code in defining "wages," which must be included on a W–2 form. It stated that section 3401(a) of the Code defines "wages" as " '*all remuneration . . .* for services performed by an employee for his employer' with certain exceptions not relevant to this case." *Id.* at 359, 636 A.2d at 1292. Thus, the Commonwealth Court concluded that the arbitration panel did not exceed its authority when it based pension benefits on gross (W–2) earnings "[b]ecause W–2 earnings are defined in the [Internal Revenue] Code as all remuneration for services performed by an employee for his employer [and this definition] parallels the definition of salary in Act 600, as interpreted in *Palyok* . . . ." *Id.* at 359, 636 A.2d at 1292.

Judge Pellegrini authored a concurring opinion. He agreed with the majority's holding that there was nothing in the Police Pension Fund Act that prohibited the arbitrator in an Act 111 arbitration from awarding increased pension contributions. *Id.* at 361, 636 A.2d at 1293 (Pellegrini, J., concurring). He wrote separately, however, to indicate that in *Palyok* the operative fact was "that the Borough had been requiring

*Nazareth v. Nazareth Borough Police Ass'n,* 161 Pa. Commw. 354, 636 A.2d 1289 (1994).

contributions based on all compensation paid to police, not just based on wages." *Id.*

The Borough appealed to this Court. For the reasons that follow, we affirm the order of the Commonwealth Court.

We have recognized that Act 111 imposes a restraint on judicial activism to ensure swift resolution of disputes involving police and fire personnel. *Pennsylvania State Police v. Pennsylvania State Troopers' Ass'n,* 540 Pa. 66, 656 A.2d 83 (1995). The legislature's intent was to prevent Act 111 arbitration from being delayed by protracted litigation. *Id.* Thus, in appeals regarding arbitration awards, our scope of review is in the nature of narrow certiorari. *Id.* Under this scope of review, courts are limited to reviewing questions concerning: (1) the jurisdiction of the arbitrators; (2) the regularity of the proceedings; (3) an excess of the arbitrators' powers; and (4) deprivation of constitutional rights. *Id.* at 79, 656 A.2d at 90. The only question presented here is whether the arbitration panel exceeded its powers in rendering its decision. As we stated in *Pennsylvania State Police,*

> [a]n arbitrator's powers are limited. He or she may not mandate that an illegal act be carried out; he or she may only require a public employer to do that which the employer could do voluntarily.... An error of law alone will not warrant reversal under the narrow scope of review.

*Id.* (citations omitted). Thus, our standard of review is that we must determine if the arbitration panel ordered an illegal act[4] and, therefore, exceeded its powers in determining that pension benefits are to be calculated on the basis of the pensioner's gross (W–2) earnings rather than merely the pensioner's base salary.

4. We note that an "illegal act" is not synonymous with a "criminal act." *See, e.g., Appeal of Upper Providence Police,* 514 Pa. 501, 515–16, 526 A.2d 315, 322 (1987) (arbitrator had exceeded his powers when he dictated that the municipality reduce retirement benefits for former and present employees; compliance with order would put municipality in violation of Home Rule Act, and therefore, order mandated that an "illegal act" be carried out.)

The calculation of pension benefits is set forth in section 5 of Act 600, 53 P.S. § 771, which provides in pertinent part:

Monthly pension or retirement benefits other than length of service increments shall be computed at one-half the monthly average *salary* of such member during not more than the last sixty nor less than the last thirty-six months of employment.

(emphasis added). Thus, Act 600 directs a police officer's pension benefits be calculated on the basis of salary. However, the word "salary" is not defined by the Act and has been subject to several constructions by the courts. *See Palyok v. Borough of West Mifflin*, 526 Pa. 324, 586 A.2d 366 (1991); *Borough of Nazareth v. Nazareth Borough Police Ass'n*, 161 Pa. Commw. 354, 636 A.2d 1289 (1994); *Borough of Beaver v. Liston*, 76 Pa. Commw. 619, 464 A.2d 679 (1983).

The Borough argues that the term "salary" as used in Act 600 means base pay. It submits that the Commonwealth Court misinterpreted *Palyok v. Borough of West Mifflin*, 526 Pa. 324, 586 A.2d 366 (1991), and erred in finding that salary in Act 600 is synonymous with gross (W–2) earnings. Thus, the Borough concludes that because salary in Act 600 means base pay, the arbitration panel was without authority to direct that pension benefits be calculated on a basis of gross (W–2) earnings. While we agree with the Borough that the Commonwealth Court misinterpreted our decision in *Palyok*, we nevertheless find that the arbitrators did not exceed their authority in directing that pension benefits be calculated on the basis of gross (W–2) earnings.

In *Borough of Beaver v. Liston*, 76 Pa. Commw. 619, 464 A.2d 679 (1983), the Commonwealth Court was presented with the issue of whether the word "salary" as used in Act 600 should include overtime pay. The retiree in *Liston* did not have pension fund contributions deducted from his overtime pay. The Commonwealth Court held that the word "salary" included only base pay and excluded overtime compensation. *Id.* at 625, 464 A.2d at 682–83.

Subsequently, in *Palyok v. Borough of West Mifflin,* 526 Pa. 324, 586 A.2d 366 (1991), this Court was called upon to address the same issue that was presented in *Liston.* However, unlike *Liston,* the retiree in *Palyok* was required to contribute to the pension fund based on his gross compensation, including overtime and extra work pay. Because of this factual difference, we reversed the Commonwealth Court's finding that the word "salary" in Act 600 encompassed only base pay. *Id.* at 327, 586 A.2d at 368. We saw no grounds to treat the various types of compensation differently where "the Borough implicitly acknowledge[d] the similarity between the regularly scheduled work and the additional work" by deducting retirement contributions from base, overtime, and extra work pay. *Id.* at 328, 586 A.2d at 368. Our reasoning was based on the premise that "[t]o permit the Borough to require contributions from the overtime and extra work compensation while denying the advantage of the additional compensation in the benefit formula would be inconsistent and inequitable." *Id.*

■  Thus, in *Liston,* where the employee was not required to make contributions from overtime pay, it was appropriate for the Commonwealth Court to find that the word "salary" encompassed only base pay. However, in cases such as *Palyok,* where the employee was required to make contributions from overtime and extra work compensation, it would be inequitable not to include overtime and extra work pay in the calculation of monthly pension benefits. Thus, the term "salary" as embodied in Act 600 denotes base salary and excludes other forms of compensation unless the parties through past practice or agreement have expanded this definition. This is consistent with our decision in *Palyok.* To the extent that the Commonwealth Court ruled that the term "salary" is defined as gross (W–2) earnings, it was in error.

■  In the case presently before this Court, the Borough argues that the arbitration panel's decision providing that pensions be based upon gross (W–2) earnings must be stricken because it requires the Borough to commit an illegal act. The Borough alleges that this is the case because pursuant to

*Palyok* the Borough lacked authority to base pension benefits on gross (W–2) earnings. Thus, it concludes that the arbitration award is unenforceable. We disagree.

The Borough submits that at all relevant times, the Association's members have not been required to make contributions to the Borough's police pension fund. Brief for Appellant at 7.[5] However, as the Association states, this is not the case. A review of the record discloses that although member contributions have not been assessed since December, 1987, member contributions had been made prior to that time. (R.R. 40a, 46a).[6] Clearly, the Borough failed to reveal to this Court the fact that member contributions were made prior to December, 1987, and failed to disclose the composition of those contributions.

Based on our standard of review and the record presented to this Court, we find that the arbitration panel did not order an illegal act be carried out. The Borough failed to inform this Court as to the contents of the member contributions. This information is essential if we are to determine whether there is no inequity between the income-driven bases upon which pension contributions are paid into a plan and upon which pension benefits are paid out to beneficiaries. Clearly, the Borough has failed to meet its burden of convincing this Court that the arbitration panel ordered an illegal act be

**5.** We assume that the Borough is implying that only the composition of compensation contributed during the applicable averaging period may serve as a basis for calculating pension benefits. We refuse to find that the only relevant time period *for contribution purposes* is the averaging period. To do so could produce extremely inequitable results where, for example, police officers had made contributions in excess of base salary, but the contributions were subsequently suspended during the averaging period due to the fiscal soundness of the fund.

**6.** Section 6 of Act 600, 53 P.S. § 772, provides in pertinent part:

If an actuarial study shows that the condition of the police pension fund of any borough ... is such that payments into the fund by members may be ... eliminated, and that if such payments are ... eliminated contributions by the borough ... will not be required to keep the fund actuarially sound, the governing body of the borough may ... eliminate payments into the fund by members.

53 P.S. § 772(c). Member contributions were suspended pursuant to this section. *See* (R.R. at 40a).

carried out. Thus, because the Borough has failed to overcome its burden, we find that the arbitration panel did not exceed its powers in rendering its decision. *See Pennsylvania State Police v. Pennsylvania State Troopers' Ass'n,* 540 Pa. 66, 656 A.2d 83 (1995); *Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969).

Accordingly, we affirm the order of the Commonwealth Court.