### SHIPPENSBURG POLICE ASSOCIATION

v.

### BOROUGH OF SHIPPENSBURG, *Appellant.*

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 2008.
Decided March 24, 2009.

Samuel E. Wiser, Jr., Chambersburg, for appellant.

Sean T. Welby, Harrisburg, for appellee.

BEFORE: SIMPSON, Judge,[1] BUTLER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge SIMPSON.

The issue we decide is whether a grievance arbitration award violates the Municipal Pension Plan Funding Standard and Recovery Act (Act 205),[2] by requiring inclusion of a lump sum payment for unused vacation leave in the computation of a retiring police officer's monthly pension benefit without proof of the award's effect on the applicable pension plan. The Borough of Shippensburg (Borough) appeals an order of the Court of Common Pleas of Cumberland County (trial court) denying its motion to vacate an arbitration award. The award required the Borough to include a post-retirement payment for unused vacation pay in the computation of a retired officer's monthly pension benefit. On appeal, the Borough urges the arbitrator lacked jurisdiction to hear the grievance and the arbitrator's award compels an illegal act. Concluding the arbitration award violates Act 205, we reverse.

On December 7, 2006, Borough police officer David Lively (Officer) notified the Borough in writing of his intention to retire after his last scheduled workday, January 14, 2007. Officer requested the Bor-

---

1. This case was reassigned to the author on January 27, 2009.

2. Act of December 18, 1984, P.L. 1005, 53 P.S. §§ 895.101–895.803.

ough pay him for his unused vacation leave in combination with his last paycheck, deduct a 5% retirement contribution from the payment, and include the payment in calculating his monthly pension benefit. On January 17, 2007, the Borough issued Officer his last regular paycheck as well as a separate check for his unused vacation time. It did not deduct any amount as a retirement contribution, and it did not include the unused vacation pay in the calculation of Officer's monthly pension benefit.

Officer instituted a grievance seeking inclusion of the unused vacation pay in the calculation of his monthly pension benefit. The matter subsequently proceeded to arbitration on two issues. The first issue was whether the grievance was subject to arbitration in light of this Court's memorandum opinion in *Borough of Shippensburg v. Worthington*, 785 A.2d 180, 2001 WL 1398097, (Pa.Cmwlth., No. 82 C.D. 2001, filed October 3, 2001), *appeal denied*, 570 Pa. 692, 808 A.2d 575 (2002), a case dealing with the same issue in the same pension plan. In *Worthington*, we held the retiree's receipt of unused vacation pay after retirement fell outside the time period specified in the police pension plan for calculating average compensation upon which the pension benefit was based. The second issue before the arbitrator was whether the Borough violated a collective bargaining agreement (CBA) with the Shippensburg Police Association (Association) by failing to include the unused vacation pay in computing Officer's monthly pension benefit.

After consideration, the arbitrator found the grievance arbitrable because the parties sought an interpretation of the CBA, which incorporated the Borough's police pension plan. The arbitrator further determined our *Worthington* decision did not control because the issues were not identical. On the merits, the arbitrator concluded the language of the CBA and police pension plan require all earnings paid to an employee during the computation period to be included in the pension benefit calculation. By implication, the arbitrator determined the Borough paid Officer for his unused vacation leave during the benefit computation period.

On appeal to the trial court, the Borough maintained the arbitrator lacked jurisdiction because the Borough police pension plan provides that judicial decisions affecting its provisions are binding, and our decision in *Worthington* already determined the unused vacation payment issue. The Borough also contended that the arbitrator exceeded his authority by mandating an illegal act. It asserted the arbitrator's award violated the act known as the Police Pension Fund Act (Act 600)[3] as well as Act 205.

The respected trial court rejected the Borough's position the arbitrator lacked jurisdiction to hear Officer's grievance. It recognized the CBA did not remove from the arbitrator's jurisdiction the authority to determine the preclusive effect of prior judicial decisions on the present controversy. On the merits, the trial judge affirmed the arbitrator's award but opined the arbitrator wrongly decided the issue before him. Specifically, the trial court recognized all elements of collateral estoppel were present. Of particular note, the court determined the issues in the present case and *Worthington* are identical. In doing so, the trial court rejected Officer's assertions that the arbitrator found the Borough included the lump sum payment for unused vacation leave in Officer's final pay. The court correctly observed the arbitrator did not make such a finding nor did he find the Borough tendered payment

**3.** Act of May 29, 1956, P.L. (1955) 1804, *as amended*, 53 P.S. § 761–778.

before Officer retired. The court then cited decisional law holding that payment for unused vacation leave tendered after retirement should not be included in the calculation of monthly pension benefits.[4]

Notwithstanding these factual and legal errors, the trial court felt constrained by its limited scope of review to affirm the arbitration award on the basis the award did not compel the Borough to commit an illegal act. The trial court therefore denied the Borough's petition to vacate. The Borough appeals.[5]

■ Initially, we note, our review of a grievance arbitration award under the act known as Act 111[6] is a very constricted one and is in the nature of narrow *certiorari. Millcreek Twp. Police Ass'n v. Millcreek Twp.*, 960 A.2d 904 (Pa.Cmwlth. 2008). Narrow *certiorari* allows us to inquire into only four aspects of an Act 111 arbitration award: the jurisdiction of the arbitrator; the regularity of the arbitration proceedings; whether the arbitrator exceeded his authority; and, whether the arbitrator deprived one of the parties of constitutional rights. *Id.* In addition, we may not disregard the arbitrator's findings or contract interpretation if the arbitrator is even arguably construing or applying the contract and acting within the scope of

his authority. *City of Pittsburgh v. Fraternal Order of Police Fort Pitt Lodge No. 1*, 764 A.2d 101 (Pa.Cmwlth.2000).

The Borough raises three issues on appeal. The Borough first assigns error in the trial court's conclusion the arbitrator had jurisdiction to hear Officer's grievance. It further asserts the arbitration award violates Section 5(c) of Act 600, 53 P.S. § 771(c), by requiring the payment of a pension benefit not based on "salary."[7] As a final assignment of error, the Borough argues the arbitration award violates Act 205 because it requires a modification of the police pension fund without proof of actuarial soundness.

■ At the outset, we agree with the trial court's conclusions the arbitrator had jurisdiction over Officer's grievance and the arbitration award does not violate Act 600. We discern nothing in the CBA depriving the arbitrator of jurisdiction over this contract dispute, nor does our scope of review permit disregard of the arbitrator's interpretation of the method of calculating monthly pension benefits under the CBA and Borough police pension plan.

■ However, we respectfully disagree with the trial court that the arbitration award does not compel the Borough to

---

**4.** *See Kosey v. City of Washington Police Pension Bd.*, 73 Pa.Cmwlth. 564, 459 A.2d 432 (1983) (payment for unused vacation time made to retiring officer should not be considered part of the officer's annual pay for purposes of computing pension benefits).

**5.** The Pennsylvania State Association of Township Supervisors, the Pennsylvania State Association of Township Commissioners, the Pennsylvania League of Cities and Municipalities, and the Pennsylvania State Association of Boroughs appear as *amici curiae* in support of the Borough. In their brief, *amici curiae* seek a clarification of the scope of review applicable where the arbitrator's determination of jurisdiction is not dependent on findings of fact. The matter here involves a con-

tract interpretation over which the arbitrator had jurisdiction pursuant to the parties' CBA. We therefore need not engage in this academic exercise.

**6.** Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1–217.10. Act 111 governs employer-employee relationships for police and fire personnel.

**7.** *See Borough of Nazareth v. Nazareth Borough Police Association*, 545 Pa. 85, 680 A.2d 830 (1996) (the term salary as embodied in Act 600 denotes base salary and excludes other forms of compensation unless the parties expanded the definition by past practice or agreement).

commit an illegal act. The Borough maintains the arbitrator's award compels an illegal act because it requires a modification of the pension fund without proof of its actuarial soundness, in violation of Act 205. Defending the arbitrator's award, the Association contends the award merely requires the Borough to comply with the pension plan's method of calculating benefits and does not constitute a modification of the plan. We agree with the Borough.

Pursuant to Section 301(a) of Act 205, the provisions of Act 205 apply to any municipality which has established and maintains a pension plan for the benefit of its employees. 53 P.S. § 895.301(a). In addition, Act 205 applies regardless of any pension plan or contract. *Id.*; *Borough of Ellwood City v. Ellwood City Police Dep't, Wage & Policy Unit*, 573 Pa. 353, 825 A.2d 617 (2003). Section 306(a) of Act 205 declares "that any actual or *potential failure* by a municipality to comply with the applicable funding standard established by this act threatens serious injury to the affected municipal pension plan, the entire system of public employee plans in the Commonwealth and to the Commonwealth itself." 53 P.S. § 895.306(a) (emphasis added).

Prior to adoption of any benefit plan modification by a municipality, Section 305 of Act 205 requires a cost estimate of the effect of the proposed benefit plan modification. 53 P.S. § 895.305(a). The contents of the cost estimate must be complete and accurate, and must disclose "the impact of the proposed benefit plan, the modification of the future financial requirements of the pension plan and the future minimum obligation of the municipality

with respect to the pension plan." 53 P.S. § 895.305(e).

On this issue, our recent decision in *Upper Merion Township v. Upper Merion Township Police Officers*, 915 A.2d 174 (Pa.Cmwlth.2006), *appeal denied*, 593 Pa. 736, 929 A.2d 647 (2007), is instructive. There, the parties' 1982 CBA conferred a monthly pension benefit for the surviving spouse and dependent children of a deceased member amounting to 50% of what the member received or would have received had the member been retired at the time of death. In 2002, the General Assembly retroactively amended Act 600 [8] to grant a surviving spouse of a retired police force member at least 50% of the pension the deceased member either received or would have received if retired at the time of death.

After the 2002 amendments to Act 600, the parties executed a new CBA for the years 2003 through 2008, which increased the survivor's benefit to 100%. The police union subsequently filed a grievance alleging the township violated the CBA when it refused to increase the survivor's benefit for members who retired before the CBA's effective date.

A grievance arbitrator found in favor of the police union, but the court of common pleas vacated the arbitrator's award. Failing to find an Act 205 actuarial report in the record, the court determined the arbitrator exceeded his authority by requiring the township to commit an illegal act, that is, to modify its pension plan without the mandated actuarial report.

This Court also affirmed. Reviewing prior precedent establishing the prevailing mandate of Act 205 over CBAs,[9] we recog-

---

8. Act of April 17, 2002, P.L. 239.

9. *See Northampton Twp. v. Northampton Twp. Police Benevolent Ass'n*, 885 A.2d 81 (Pa. Cmwlth.2005) (Act 111 awards modifying police pension plans must comply with Act 205);

*City of Erie v. Int'l Ass'n of Firefighters Local 293*, 836 A.2d 1047 (Pa.Cmwlth.2003) (arbitration award of Deferred Retirement Option Program illegal where record lacked cost estimate demonstrating pension plan's actuarial

nized the retroactive effect of the survivor's benefit clearly impacted the township's administration of the pension plan, regardless of whether the parties intended the CBA to apply retroactively.

■ Pursuant to *Upper Merion Township*, a grievance arbitrator who awards a modification of a police pension plan in the absence of an Act 205 cost estimate requires an illegal act necessitating vacation. The same result obtains here.

We reject the Association's position the arbitrator's award does not modify the pension plan. By joint stipulation, the parties agreed for the last 25 years the police pension plan *has not* included unused vacation pay in the calculation of pension benefits. Borough's Br. at Ex. B. The arbitrator's award changes this. This change unsettles the Borough's once predictable pension liability. Also, the change has the potential to modify the rules of the game for computing all Borough police employee pensions.

However, there was no cost estimate to quantify the change. Because the record lacks proof of the affect of this change on the pension plan's actuarial soundness, the arbitrator exceeded his authority.

■ Moreover, an arbitration award may only require a public employer do that which it could voluntarily. *City of Scranton v. Fire Fighters Local Union of Int'l Ass'n of Fire Fighters, AFL–CIO*, 964 A.2d 464 (Pa.Cmwlth. 2009). We do not believe the Borough could voluntarily include Officer's post-retirement unused vacation payment in the calculation of his monthly pension benefit without an Act 205 cost estimate.

If the Borough voluntarily included the lump sum payment in the calculation of Officer's monthly pension benefit, despite a long history of treating all other officers less advantageously, it could be a violation of the Pennsylvania Employe Relations Act.[10] *See Millcreek Township School District v. Pennsylvania Labor Relations Board*, 158 Pa.Cmwlth. 156, 631 A.2d 734 (1993) (grant of longer contract term to incoming employee, which longer term was not available to bargaining unit members, was unfair labor practice). *See also Jefferson–Morgan Sch. Dist.*, 9 Pa. Pub. Emp. R. ¶ 9056 (1978) (unfair labor practice found where school district hired incoming teacher at wages higher than maximum salary for unit members); *Highland Sewer & Water Auth.*, 4 Pa. Pub. Emp. R. 116 (1974) (unfair labor practice found where public employer unilaterally increased wages for one employee during contract negotiations); *Gen. Braddock Area Sch. Dist.*, 4 Pa. Pub. Emp. R. 86 (1974) (unfair labor practice found where school district unilaterally increased basketball coaches' wages). At the very least, such voluntary munificence toward Officer would result in a chorus demanding the same benefit.

Under either of these scenarios, the Borough would need to treat all bargaining unit members the same. Thus, the Borough would need to roll back the voluntary favorable treatment of Officer, or to obtain an Act 205 cost estimate to quantify the costs of offering an identical benefit to all officers. The same considerations are

---

soundness); *City of Butler v. City of Butler Police Dep't, Fraternal Order of Police, Lodge # 32*, 780 A.2d 847 (Pa.Cmwlth.2001) (arbitration panel exceeded its authority by eliminating pension contributions without Act 205 costs estimate); *Borough of Doylestown v. Doylestown Borough Police Ass'n*, 732 A.2d 701 (Pa.Cmwlth.1999) (arbitrator exceeded authority by reducing member contributions where actuarial report found borough's pension plan underfunded).

**10.** Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301.

present in this case as a result of the arbitrator's award.

Because there is no cost estimate here to support a *de facto* change in the manner of computing a retiring police officer's monthly pension benefit, we reverse.

### O R D E R

AND NOW, this 24th day of March, 2009, the order of the Court of Common Pleas of Cumberland County is hereby **REVERSED.**

### CONCURRING AND DISSENTING OPINION BY Senior Judge FRIEDMAN.

I agree with the majority that the arbitrator in this case had jurisdiction over police officer David Lively's (the Officer) grievance and that the arbitration award does not mandate that the Borough of Shippensburg (Borough) violate the Police Pension Fund Act (Act 600).[1] However, I disagree that the arbitration award compels the Borough to modify its pension plan in violation of section 305 of the Municipal Pension Plan Funding Standard and Recovery Act (Act 205).[2]

In this case, when the Officer retired, the Borough gave the Officer a check for unused vacation along with his last payroll check. The Borough did not include the

unused vacation payment in calculating the Officer's pension benefits, as the Officer requested. The Officer then filed a grievance, and the matter proceeded to arbitration.

Under the Borough of Shippensburg Police Pension Plan (Pension Plan), a police officer's pension benefits are based, in part, on "Average Compensation." (R.R. at 75a.) The Pension Plan defines "Average Compensation" as the average of an officer's monthly "compensation" for the latest thirty-six months of employment. (R.R. at 67a.) "Compensation" means the total "earnings" paid during a specified period, and "earnings" includes salary and other remuneration. (R.R. at 68a.)

The arbitrator determined that the unused vacation payment was part of the Officer's "compensation" because it was "earnings" paid to the Officer during the final period of his employment. Thus, the arbitrator ruled that the Borough was required to include the payment in its calculation of the Officer's pension benefits. The Court of Common Pleas of Cumberland County (trial court) affirmed because the trial court could not review the arbitrator's determination that the Borough's unused vacation payment was part of the Officer's "compensation."[3]

The Borough argues before this court that the arbitrator exceeded his powers because the arbitration award compels the

---

1. Act of May 29, 1956, P.L. (1955) 1804, *as amended*, 53 P.S. §§ 767–778.

2. Act of December 18, 1984, P.L. 1005, 53 P.S. § 895.305. Section 305(a) of Act 205 provides, in pertinent part, as follows:
   (a) Presentation of cost estimate.—Prior to the adoption of any benefit plan modification by the governing body of the municipality, the chief administrative officer of each pension plan shall provide to the governing body of the municipality a cost estimate of the effect of the proposed benefit plan modification.

53 P.S. § 895.305(a).

3. Grievance arbitration rulings in Act 111 cases are subject to a narrow certiorari scope of review, which allows inquiry into only four aspects of an award: (1) the jurisdiction of the arbitrator; (2) the regularity of the proceedings; (3) whether the arbitrator exceeded his powers; and (4) whether there has been a deprivation of constitutional rights. *Town of McCandless v. McCandless Police Officers Association*, 587 Pa. 525, 901 A.2d 991 (2006).

Borough to modify the Pension Plan in violation of Act 205.[4] However, because the arbitrator determined that the unused vacation payment to the Officer was part of his "compensation" and because the Pension Plan requires that the Borough include "compensation" in the calculation of pension benefits, the arbitration award does not compel the Borough to modify the Pension Plan.

The majority states that the Borough must modify the Pension Plan by including unused vacation pay in the calculation of pension benefits. (Majority op. at 8–9.) However, the majority ignores the arbitrator's determination that the Officer's unused vacation payment was "compensation." The Pension Plan always required, and still requires, inclusion of "compensation" in the calculation of pension benefits. The arbitration award does not require that the Borough modify that requirement. Indeed, the majority does not identify **any** provision of the Pension Plan that the Borough must modify as a result of the arbitration award.

Accordingly, unlike the majority, I would affirm.

4. An arbitrator exceeds his powers if he orders an illegal act. *City of Pittsburgh v. Fraternal Order of Police,* 595 Pa. 47, 938 A.2d 225 (2007).