**COMMONWEALTH of Pennsylvania, Petitioner**

v.

**PENNSYLVANIA STATE TROOPERS ASSOCIATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 11, 2009.

Decided July 28, 2009.

As Amended on Reconsideration Sept. 18, 2009.

Frank A. Fisher, Chief Counsel, Harrisburg, for petitioner.

Sean T. Welby, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, BUTLER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

The Commonwealth of Pennsylvania (Commonwealth) petitions for review of a December 24, 2008, interest arbitration award, which required that the Commonwealth: (1) pay troopers on "union leave"

the amount established by the Pennsylvania State Troopers Association (Association); and (2) award all members retiring with fifteen years of service an honorable discharge, their badge and their retirement identification, except upon a showing of just cause. We vacate the "union leave" provision but affirm the "honorable discharge" provision.

After the parties reached an impasse in their collective bargaining negotiations, they requested the appointment of a board of arbitration pursuant to section 4(a) of the Act known as the Policemen and Firemen Collective Bargaining Act (Act 111), Act of June 24, 1968, P.L. 237, 43 P.S. § 217.4(a).

The Association notified the Secretary of the Commonwealth of the issues in dispute, including "union leave" rules and whether a member retiring with fifteen years of service should be granted an honorable discharge, except upon a showing of just cause. (R.R. at 27a, 29a.) The Commonwealth objected that the honorable discharge issue is not a term or condition of employment. (R.R. at 38a–39a.) The Commonwealth also sought clarification of the "union leave" issue, (R.R. at 32a–33a), and, in reply, the Association set forth the following proposal:

> Any [Association] elected officer released from duty pursuant to law shall receive compensation at the rate of Major, with respect to the President of the [Association], and at the rate of Captain with respect to any other elected officers of the [Association].

(R.R. at 35a–37a.)

After a hearing, the arbitration board issued an award that included the following provisions:

> Upon written request by [the Association], Union officers shall be released from duty. Union officers released from duty pursuant to State law shall be paid by the Commonwealth at the amount designated by the [Association] Board of Directors, not to exceed the rate of the highest ranking member of the bargaining unit with appropriate longevity. Any amount paid by the Commonwealth, including the cost of all benefits, shall be reimbursed by the [Association] to the Commonwealth in accordance with law.

(R.R. at 9a–10a.)

> All members with at least fifteen years of Pennsylvania State Police service shall be awarded an Honorable Discharge and their badge and retirement ID except upon a showing of just cause.

(R.R. at 10a.) The Commonwealth petitions for review of these provisions of the award.

■ Initially, we note that, although section 7(a) of Act 111 states, "No appeal [from the determination of a board of arbitration] shall be allowed to any court," 43 P.S. § 217.7(a), this provision of law does not mean that no review of an interest arbitration award is available. *Town of McCandless v. McCandless Police Officers Association*, 587 Pa. 525, 901 A.2d 991 (2006). An appellate court has limited jurisdiction in the form of narrow *certiorari* to review an interest arbitration award. *City of Scranton v. E.B. Jermyn Lodge No. 2 of the Fraternal Order of Police*, 965 A.2d 359 (Pa.Cmwlth.2009). Our review is limited to questions concerning: (1) the arbitrators' jurisdiction; (2) the regularity of the proceedings; (3) an excess of the arbitrators' powers; and (4) a deprivation of constitutional rights. *Id.* If arbitrators mandate that a party carry out an illegal act, the arbitrators have exceeded their powers. *Id.*

## I. "Union Leave" Compensation

■ The Commonwealth argues that the "union leave" provision of the award

must be set aside because it mandates that the Commonwealth perform an illegal act, i.e., that the Commonwealth violate section 5302(b)(2) of the State Employees' Retirement Code (SERC), 71 Pa.C.S. § 5302(b)(2). That section gives service credit to:

An active member on paid leave granted by an employer for purposes of serving as an elected full-time officer for a Statewide employee organization which is a collective bargaining representative ...: Provided ... the employer shall fully **compensate** the member, including, but not limited to, salary, wages, pension and retirement contributions and benefits, other benefits and seniority, **as if he were in full-time active service**....

*Id.* (emphasis added). The Commonwealth argues that, under section 5302(b)(2), the Commonwealth is obligated to pay a trooper on "union leave" only the compensation that the trooper would receive "if he were in full-time active service" and because the "union leave" provision obligates the Commonwealth to pay a different amount of compensation, the award requires the Commonwealth to violate the statutory requirement. We agree.

In *Kirsch v. Public School Employees' Retirement Board,* 929 A.2d 663 (Pa. Cmwlth.2007), *appeal granted,* 597 Pa. 222, 951 A.2d 257 (2008), school employees on "union leave" received more compensation while working for the union than they would have received as school employees. For retirement purposes, the school districts reported only the compensation the "union leave" employees would have earned as school employees. The "union

leave" employees filed grievances but did not prevail, and this court affirmed on appeal. Based on the language in section 8102 of the Public School Employees' Retirement Code (PSERC), which requires that an employer compensate an employee on "union leave" "as if he were in full-time active service," 24 Pa.C.S. § 8102, we held that the statutory language "[compensate] as if he were in full-time active service" means that an employer must pay an employee on "union leave" at the salary level commensurate with the position held by the employee in the school district. *Kirsch.*

Similarly, the words "[compensate] as if he were in full-time service" in section 5302(b)(2) of the SERC mean that the Commonwealth must pay troopers on "union leave" at the salary level commensurate with their regular positions.[1] *Kirsch.* Because the "union leave" provision here requires that the Commonwealth pay a different amount, i.e., whatever the Association designates, the provision requires that the Commonwealth violate section 5302(b) of the SERC.[2]

## II. Honorable Discharge Provision

### A. Term and Condition of Employment

■ The Commonwealth argues that the arbitration board exceeded its jurisdiction with respect to the honorable discharge provision because the provision does not concern a term or condition of employment. We disagree.

Section 1 of Act 111 states that police officers have the right to bargain collec-

---

1. Although *Kirsch* is on appeal to our supreme court, this court has spoken on the matter.

2. We also note that the purpose of section 5302(b)(2) of the SERC is to give service

credit to employees on "union leave"; however, such service credit is conditioned upon employers paying those employees at the level of their regular positions, no more and no less.

tively with their public employers concerning "the **terms and conditions** of their employment, **including** compensation, hours, working conditions, **retirement,** pensions and other **benefits**...." 43 P.S. § 217.1 (emphasis added). Clearly, the conditions governing whether a trooper with fifteen years of service receives an honorable discharge upon retirement relate to a retirement benefit. Thus, the issue was subject to bargaining, and the arbitration board did not exceed its jurisdiction in issuing its award on the matter.

■ Moreover, "[u]nder Act 111, a matter is deemed a mandatory subject of bargaining if it bears a rational relationship to the employees' duties," *Plumstead Township v. Pennsylvania Labor Relations Board,* 713 A.2d 730, 733 (Pa. Cmwlth.1998), and whether a trooper receives an honorable discharge is directly related to the conduct of the trooper in the performance of his or her duties prior to retirement. Finally, for an issue to be deemed a managerial prerogative and not a mandatory subject of bargaining, a managerial policy must substantially outweigh any impact that an issue will have on the employees. *Plumstead Township.* In this case, the Commonwealth does not identify any managerial policy that this court could weigh against the impact of awarding an honorable discharge on employees, except for just cause.

### B. Illegal Act

■ The Commonwealth also argues that the honorable discharge provision mandates an illegal act because it requires the Commonwealth: (1) to provide troopers who have fifteen years service with an honorable discharge based on a presumption of entitlement; and (2) to arbitrate whether a trooper retires in good standing.[3] The Commonwealth asserts that certain provisions of the law require that the Commonwealth determine whether a trooper with fifteen years service has retired in good standing, i.e., with an honorable discharge, without the need for arbitration.

As support for its argument, the Commonwealth relies upon section 926C of the Law Enforcement Officers Safety Act of 2004, 18 U.S.C. § 926C, which provides that an individual who retires in good standing from service with a public agency as a law enforcement officer, and who has the proper identification, may carry a concealed firearm. 18 U.S.C. § 926C. The Commonwealth also relies upon the regulation at 37 Pa.Code § 203.11(b)(2), which provides that persons applying for employment as municipal police officers who were honorably discharged from the Pennsylvania State Police within two years of the application date need not meet all of the qualifications set forth in the regulation.

**3.** The Association counters that the Commonwealth has waived this argument pursuant to Pa. R.A.P. 302(a) because the Commonwealth failed to raise this argument before the arbitration board. However, Pa. R.A.P. 302(a) states that issues not raised in the "lower court" are waived, and the arbitration board is not a "lower court."

Moreover, it is not clear from this court's case law that an argument is waived for failure to raise it before an interest arbitration panel. *See City of Scranton v. Fire Fighters Local Union No. 60,* 964 A.2d 464 (Pa. Cmwlth.2009) (rejecting a waiver argument in an interest arbitration case, in part, because the party did not know the provisions of the award before it was issued); *see also Lee v. Municipality of Bethel Park,* 722 A.2d 1165 (Pa.Cmwlth.1999) (holding that a party that failed to challenge an interest arbitration award could assert the illegality of the award in a subsequent declaratory judgment action); *Borough of Dormont v. Dormont Borough Police Department,* 654 A.2d 69 (Pa.Cmwlth.) (holding that a party that failed to challenge an interest arbitration award could assert the illegality of the award in a subsequent grievance arbitration).

However, neither of these legal provisions prohibits the Commonwealth from presuming that a trooper with fifteen years service should receive an honorable discharge, nor do they prohibit the Commonwealth from proceeding to arbitration to show just cause when the Commonwealth initially determines that a trooper with fifteen years service is not entitled to an honorable discharge. Therefore, this award provision does not require the Commonwealth to perform an illegal act.

Accordingly, we vacate the "union leave" provision of the interest arbitration award, but we affirm the "honorable discharge" provision.

## ORDER

AND NOW, this 28th day of July, 2009, it is hereby ordered that: (1) the "honorable discharge" provision of the interest arbitration award, dated December 24, 2008, is affirmed; and (2) the "union leave" provision of the award is vacated to the extent it requires, "Union officers released

from duty pursuant to State law shall be paid by the Commonwealth at an amount designated by the [Association] Board of Directors, not to exceed the rate of the highest ranking member of the bargaining unit with appropriate longevity."

## CONCURRING AND DISSENTING OPINION BY Judge PELLEGRINI.

The majority finds that a provision in an interest arbitration award allowing police officers released from duty to perform union duties shall be paid at the highest-ranking member of the bargaining unit with appropriate longevity is illegal because it purportedly will result in their receiving higher pensions.[1] The majority bases that holding on *Kirsch v. Public School Employees' Retirement Board*, 929 A.2d 663 (Pa.Cmwlth.2007), *appeal granted*, 597 Pa. 222, 951 A.2d 257 (2008), where we upheld a Public School Employees' Retirement Board (Retirement Board) decision that the retirement credit under Section 8102 of the Retirement Code[2] is

1. The provision of the award that is at issue provides that:

   Upon written request by [the Association], Union officers shall be released from duty. Union officers released from duty pursuant to State law shall be paid by the Commonwealth at the amount designated by the [Association] Board of Directors, not to exceed the rate of the highest ranking member of the bargaining unit with appropriate longevity. Any amount paid by the Commonwealth, including the cost of all benefits, shall be reimbursed by the [Association] to the Commonwealth in accordance with law.

2. Section 8102 of the Retirement Code defines "Leave for service with a collective bargaining organization" as follows:

   Paid leave granted to an active member by an employer for purposes of working full time for or serving full time as an officer of a Statewide employee organization or a local collective bargaining representative under the act of July 23, 1970 (P.L. 563, No. 195), known as the Public Employe Rela-

tions Act: Provided, That greater than one-half of the members of the employee organization are active members in the system; that the employer shall fully compensate the member including, **but not limited to,** salary, wages, pension and retirement contributions and benefits, other benefits and seniority, **as if** he were in full-time active service; and that the employee organization shall fully reimburse the employer for such salary, wages, pension and retirement contributions and benefits and other benefits and seniority. (Emphasis added.)
24 Pa.C.S. § 8102. The provision applicable here, though, is Section 5302(b)(2) of the State Employees' Retirement Code, 71 Pa. C.S. § 5302(b)(2), which applies to police officers. It provides, in relevant part:

   An active member on paid leave granted by an employer for purposes of serving as an elected full-time officer for a Statewide employee organization which is a collective bargaining representative under the act of June 24, 1968 (P.L. 237, No. 111), referred to as the Policemen and Firemen Collective

based on salary paid "as if" "or to the same degree in which" the members were in full-time service to the school district and not for any salary paid in excess of that amount.

What the majority misperceives is that we are not being asked to review a Retirement Board decision as to what pension credit a police officer receives for the time he or she was "released for duty" when that police officer retires. At that time, the police officer can present evidence that the amount he or she received under the disputed arbitration provision is comparable to what he or she would receive "as if" he or she remained on full-time service when such things as overtime and extra-duty time are taken into consideration. The Retirement Board would then make a decision, which could be appealed subject to the normal administrative agency scope of review. Until that occurs, that issue is not before us.

As to the issue before us—whether a board of arbitration can enter an interest arbitration award requiring the Commonwealth to pay a different amount of compensation other than the base amount of salary the union officer would receive—is

determined by whether that requires the Commonwealth to do something that it could not do voluntarily.[3] Other than the Retirement Code provisions, over which the Retirement Board has sole jurisdiction, the Commonwealth cites no provision, nor can I imagine one, that precludes it from voluntarily entering into an agreement requiring it to pay a police officer released from duty an amount different than its base rate, especially when it is at no cost to the Commonwealth. Because the Commonwealth could agree to the union leave provision voluntarily, there is no basis to vacate the award.

Accordingly, while I agree with the majority's decision to affirm the "honorable discharge" provision of the arbitration board's award, I respectfully dissent from that portion of the decision vacating the "union leave" provision.

Bargaining Act, or the act of July 23, 1970 (P.L. 563, No. 195); ... that the employer shall fully compensate the member, including, **but not limited to,** salary, wages, pension and retirement contributions and benefits, other benefits and seniority, **as if** he were in full-time active service; and that the Statewide employee organization shall fully reimburse the employer for all expenses and costs of such paid leave ... (Emphasis added.)

3. From an appeal of an interest arbitration award, the narrow certiorari standard ap-

plies. Under this scope of review, courts are limited to reviewing questions concerning: (1) the jurisdiction of the arbitrators; (2) the regularity of the proceedings; (3) an excess of the arbitrator's powers; and (4) deprivation of constitutional rights. An arbitrator's powers are limited and cannot mandate that illegal acts be carried out but only that a public employer do that which it could do voluntarily. *See Borough of Nazareth v. Nazareth Borough Police Association,* 545 Pa. 85, 680 A.2d 830 (1996).