# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Office of Administration and | : | |
| Pennsylvania State Police, | : | |
| Petitioners | : | |
| | : | |
| v. | : | No. 925 C.D. 2015 |
| | : | Argued: December 10, 2015 |
| State Employees' Retirement Board, | : | |
| Respondent | : | |

BEFORE: HONORABLE DAN PELLEGRINI, President Judge
            HONORABLE MARY HANNAH LEAVITT, Judge
            HONORABLE P. KEVIN BROBSON, Judge

OPINION BY JUDGE BROBSON          FILED: December 29, 2015

The Office of Administration (OA) and Pennsylvania State Police (PSP) (collectively, Petitioners), petition this Court for review of an order of the State Employees' Retirement Board (the Board). The Board's order granted the request of Bruce Edwards, Joseph Sarkis, and Joseph Kovel (collectively, Claimants) and the Pennsylvania State Troopers Association (PSTA) that the State Employee Retirement System (SERS) accept and include as retirement-covered compensation the additional monies paid to Claimants while on union officer leave. For the reasons discussed below, we affirm.

The underlying facts of this case are not in dispute. At all relevant and material times Claimants were PSP officers and members of the PSTA. The Commonwealth and the PSTA were parties to a collective bargaining agreement (CBA), which expired on June 30, 2008. During negotiations for a successor CBA, the Commonwealth and PSTA reached an impasse regarding, among other

things, union officer leave.  An Act 111[1] interest arbitration panel was convened and entered an Award on December 24, 2008 (December Award), which contained, in pertinent part, the following union officer leave provision:

> Upon written request by PSTA, Union officers shall be released from duty.
>
> Union officers released from duty pursuant to State law shall be paid by the Commonwealth at the amount designated by PSTA Board of Directors, not to exceed the rate of the highest ranking member of the bargaining unit with appropriate longevity.[2]  Any amount paid by the Commonwealth, including the cost of all benefits, shall be reimbursed by the PSTA to the Commonwealth, in accordance with law.

(Reproduced Record (R.R.) 193-94a.)

OA and PSP appealed the December Award to the Commonwealth Court, arguing that the union officer leave provision violated Section 5302(b)(2) of the State Employees' Retirement Code (SERC).[3]  The Commonwealth Court

---

[1] Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1-.10, also referred to as the Policemen and Firemen Collective Bargaining Act.

[2] The higher rate of pay paid to union officers on full-time union officer leave is referred to as the "union rate of pay."  The difference between Claimants' union rate of pay and Claimants' normal rate of pay is referred to as the "union stipend."

[3] 71 Pa. C.S. § 5302(b)(2).  Section 5302(b)(2) of SERC provides, in pertinent part:

(b) Creditable leaves of absence.--

(2) An active member on paid leave granted by an employer for purposes of serving as an elected full-time officer for a Statewide employee organization which is a collective bargaining representative under the act of June 24, 1968 (P.L. 237, No. 111), referred to as the Policemen and Firemen Collective Bargaining Act . . . :  Provided, That for elected full-time officers such leave shall not be for more than three consecutive terms of the same office . . . ; that the employer shall fully compensate the member, including, but not limited to, salary, wages, pension and retirement contributions and benefits, other benefits and

**(Footnote continued on next page…)**

agreed, concluding that the union officer leave provision violated Section 5302(b)(2) of SERC, because it required the Commonwealth to pay officers on union leave more than they would receive if they were not on union leave. *Commonwealth v. Pa. State Troopers Ass'n*, 979 A.2d 442 (Pa. Cmwlth. 2009) (*PSTA I*). The Supreme Court, however, disagreed and concluded that Section 5302(b)(2) "does not purport to address the pre-retirement concern of the level or amount of employee salaries" and, therefore, the December Award did not violate SERC. *Commonwealth v. Pa. State Troopers Ass'n*, 23 A.3d 966, 973 (Pa. 2011) (*PSTA II*) (plurality opinion). The Supreme Court concluded that because the December Award did not violate SERC it was well within the authority of the Act 111 arbitration panel and, as such, beyond any court's scope of review. *Id.* at 977.

Following the Supreme Court's decision, OA and PSP complied with the December Award and paid Claimants at the union rate of pay. Claimant Edwards, on full-time union officer leave from January 2007 through January 2012, was paid at the rate of a major even though he held only the rank of sergeant; Claimant Sarkis, on full-time union officer leave from October 2009 to January 2012, was paid at the rate of a captain even though he only held the rank of corporal; and in January 2012, when Claimant Kovel was elected president of the PSTA and began full-time union officer leave, he was paid at the rate of a sergeant, even though he only held the rank of corporal. The union stipends

---

**(continued…)**

> seniority, as if he were in full-time active service; and that the Statewide employee organization shall fully reimburse the employer for all expenses and costs of such paid leave . . . .

3

increased Claimants' pay substantially—Claimant Edwards was paid an extra $29,052.88 in 2011, Claimant Sarkis was paid an extra $25,667.12 in 2011, and Claimant Kovel was paid an extra $6,838.08 in 2012. Although the Commonwealth paid Claimants at the union rate of pay, it did not report the union stipend as retirement-covered compensation or deduct pension contributions based on the higher amounts. Instead, the Commonwealth reported only Claimants' regular rate of pay as retirement-covered compensation and deducted pension contributions accordingly. Including the union stipends as retirement-covered compensation would significantly increase Claimants' retirement benefits.

In July 2011, the PSTA asked that the arbitration panel be reconvened to deal with issues arising from the implementation of the union leave provision of the December Award. The PSTA sought a declaration from the panel that the union stipends were retirement-covered compensation and that pension contributions should be withheld accordingly. The panel issued an Implementation Order in September 2011. The Implementation Order, in pertinent part, directed that the Commonwealth

> [d]educt and continue to deduct from . . . all . . . wages paid while on union leave all appropriate contributions, including mandatory employee pension contributions from all sums paid to the affected members pursuant to [the union officer leave provision], effective retroactive to pay date January 7, 2011 . . . .

(R.R. 367a.)

After exhausting all appeals of the Implementation Order,[4] the PSP and OA requested a decision from SERS regarding: (a) how OA and PSP should report the union officer leaves of Claimants Edwards and Sarkis; (b) how much compensation should be reported under SERC; and (c) what contributions should be made to SERS for Claimants Edwards and Sarkis. On December 23, 2011, SERS issued a decision which provides, in pertinent part:

> [T]he compensation that the affected officers would have received in their positions as a State Police officer had they not been on union officer leave should be reported to SERS. Employer and member contributions should be made to SERS only on the compensation that the affected officers would have received as State Police officers had they not been on union officer leave.

(R.R. 399a.) By letters dated April 4, 2012, and June 27, 2012, SERS issued determinations reaching the same conclusion for Claimant Kovel.

On May 16, 2012, the PSTA and Claimants Edwards and Sarkis filed appeals of SERS' determination with the Board. On July 23, 2012, the PSTA and Claimant Kovel likewise filed an appeal with the Board. OA and PSP filed a petition to intervene, which the Board granted. The Board appointed a Hearing Officer, who subsequently consolidated the three appeals. At the August 20, 2013 hearing, the parties presented a Joint Stipulation of Facts, containing 151 stipulated facts, 38 jointly-submitted exhibits, and five exhibits offered by SERS. The joint stipulations and exhibits were admitted to the record and comprised the entirety of the evidentiary record. No witness testimony was offered.

---

[4] This Court dismissed OA's appeal of the Implementation Order as untimely, and the petition for leave to appeal to the Supreme Court was denied. *Office of Admin. v. Pa. State Troopers Ass'n*, No. 2019 C.D. 2011 (Pa. Cmwlth., filed Dec. 14, 2011), *appeal denied*, 56 A.3d 398 (Pa. 2012).

5

The Hearing Officer issued an Opinion and Recommendation containing 146 Findings of Fact, nine Conclusions of Law, and a Discussion section, in which the Hearing Officer concluded that the union officer stipends were not retirement-covered compensation. The Hearing Officer, relying heavily on *Kirsch v. Public School Employees' Retirement Board*, 985 A.2d 671 (Pa. 2009), concluded that only the salaries the Claimants would have earned "as if [they] were in full-time active service" were retirement-covered compensation. (R.R. 638a.) The Hearing Officer rejected Claimants' argument that the different definitions of "compensation" contained in SERC and the Public School Employees Retirement Code (PSERC)[5] made *Kirsch* inapplicable, explaining that the definition of compensation was not controlling.

The Hearing Officer also examined the legislative history of Section 5203(b)(2) of SERC, noting that PSP officers on full time union leave were only able to receive retirement credit after Section 5203(b)(2) was amended in 2006 to include Act 111 bargaining units. The Hearing Officer further noted that when the 2006 amendment was proposed in Senate Bill 1285 it originally read, in pertinent part:

> An active member on paid leave granted by an employer for purposes of serving as an appointed or elected full-time official or officer *at his union rate of compensation* or as an elected full-time officer for a statewide employee organization. . . . Provided, . . . that the employer shall fully compensate the member, including, but not limited to, salary, wages, pension and retirement contributions and benefits, other benefits and seniority, as if he were in full-time active service . . . [.]

---

[5] 24 Pa. C.S. § 8102.

(R.R. 652a (emphasis added).) The final version of the 2006 amendment, however, did not include the phrase "at his union rate of compensation."

Lastly, the Hearing Officer concluded that allowing the union stipends paid to Claimants pursuant to the December Award to be considered retirement-covered compensation "would essentially be allowing a collective bargaining agreement or arbitration award . . . to dictate the pension rights of State employees, in manifest disregard of [S]ection 5955 of . . . SERC."[6] (R.R. 657a.) The Hearing Officer, therefore, recommended that the Board deny Claimants' request to treat the union stipends paid to Claimants while on union officer leave as retirement-covered compensation and affirm the decision of SERS.

Claimants filed exceptions to the Hearing Officer's Opinion and Recommendation. The Board adopted the Hearing Officer's Findings of Fact, but rejected her Conclusions of Law, analysis, and recommendation, finding that the Hearing Officer "improperly applied" *Kirsch* to the present case and that the differences between the definition of compensation found in SERC and PSERC "prevent us from simply relying upon and adopting the Hearing Officer's application of *Kirsch* to resolve the Claimants' appeals." (R.R. 744a.) The Board

---

[6] 71 Pa. C.S. § 5955. Section 5955 of SERC provides, in pertinent part:

> Regardless of any other provision of law, pension rights of State employees shall be determined solely by this part or any amendment thereto, and no collective bargaining agreement nor any arbitration award between the Commonwealth and its employees or their collective bargaining representatives shall be construed to change any of the provisions herein, to require the board to administer pension or retirement benefits not set forth in this part, or otherwise require action by any other government body pertaining to pension or retirement benefits or rights of State employees.

7

examined the definition of compensation found in Section 5102 of SERC[7] and the way in which union stipends were set, and it compared them to the definition of compensation in Section 8102 of PSERC[8] and how the teachers' union stipends were set in *Kirsch*. The Board concluded that the definition of compensation was broader in SERC than in PSERC, and the definition was broad enough to encompass the union officer stipends received by Claimants. The Board also noted that Claimants' union stipends were "derived from the normal salary schedule" found in the CBA, unlike the union stipends in *Kirsch*, which were negotiated annually on an *ad hoc* basis. (R.R. 748a.) Thus, the Board concluded that because the "remuneration does not fall into any of the categories of non-compensation

---

[7] "Compensation" is defined in SERC, in pertinent part, as

[p]ickup contributions plus remuneration actually received as a State employee excluding refunds for expenses, contingency and accountable expense allowances; excluding any severance payments or payments for unused vacation or sick leave; and excluding payments for military leave . . . .

71 Pa. C.S. § 5201.

[8] "Compensation" is defined in PSERC, in pertinent part, as

[p]ickup contributions plus any remuneration received as a school employee excluding reimbursements for expenses incidental to employment and excluding any bonus, severance payments, any other remuneration or other emolument received by a school employee during his school service which is not based on the standard salary schedule under which he is rendering service, payments for unused sick leave or vacation leave, bonuses or other compensation for attending school seminars and conventions, payments under health and welfare plans based on hours of employment or any other payment or emolument which may be provided for in a collective bargaining agreement which may be determined by the Public School Employees' Retirement Board to be for the purpose of enhancing compensation as a factor in the determination of final average salary, and excluding payments for military leave . . . .

24 Pa. C.S. § 8102.

8

payments found in Section 5102's definition, it must therefore be 'compensation' for purposes of [SERC] and thus includible as part of . . . Claimants' retirement-covered compensation." (R.R. 748a.) The Board, therefore, granted "Claimants' request that SERS accept and include as Claimants' retirement-covered compensation the additional monies paid to Claimants as union officer stipends pursuant to . . . the December 24, 2008 Interest Arbitration Award" and overruled SERS' determination. (R.R. 753a.)

On appeal[9] to this Court, Petitioners argue that the Board erred as a matter of law in concluding that union officer stipends are retirement-covered compensation because (1) the Board's interpretation is contrary to *Kirsch* and (2) the December Award creates, alters, or modifies retirement benefits in violation of Section 5955 of SERC. In response, the Board argues that it correctly concluded union officer stipends were retirement-covered compensation because (1) the *Kirsch* holding does not control in this case because the definition of compensation in PSERC is more restrictive than the definition of compensation in SERC and (2) the December Award did not alter the benefits formula or eligibility criteria established by SERC, and, therefore, did not usurp the Board's authority in violation of Section 5955. Likewise, Claimants argue that the Board correctly determined *Kirsch* was not controlling and that the more expansive definition of compensation contained in SERC mandates a different outcome from *Kirsch*.

---

[9] Our scope of review on appeal is limited to determining whether the Board committed an error of law, whether constitutional rights were violated, or whether necessary factual findings are supported by substantial evidence. *Beardsley v. State Emps.' Ret. Bd.*, 691 A.2d 1016, 1019 (Pa. Cmwlth. 1997). As the state agency charged with the execution and application of SERC, the Board's interpretation may not be overturned unless it is clearly erroneous. *Id.*

9

The central issue of this case is the proper interpretation of two relevant and related provisions of SERC—the definition of compensation in Section 5102 of SERC and the creditable leave provision in Section 5302(b)(2) of SERC. As SERS members, Claimants' retirement benefits are calculated using a formula that takes into account both the amount of credited service and the amount of compensation paid during such credited service. Compensation is defined, in pertinent part, as "[p]ickup contributions plus remuneration actually received as a State employee excluding refunds for expenses, contingency and accountable expense allowances; excluding any severance payments or payments for unused vacation or sick leave; and excluding payments for military leave." Section 5102 of SERC. Pursuant to Section 5302(b)(2), PSP officers, such as Claimants, who take full-time union officer leave are entitled to retirement credit for such leave "[p]rovided . . . that the employer shall fully compensate the member, including, but not limited to, salary, wages, pension and retirement contributions and benefits, other benefits and seniority, as if he were in full-time active service."

Although it is questionable whether union officer leave would be considered State service without Section 5302(b)(2) of SERC, that section explicitly provides that such time shall be credited to a State employee[10] "as if he were in full-time active service." Thus under Section 5302(b)(2), the salary

---

[10] "State employee" is defined, in pertinent part, as

[a]ny person holding a State office or position under the Commonwealth, employed by the State Government of the Commonwealth, in any capacity whatsoever, except an independent contractor or any person compensated on a fee basis or any person paid directly by an entity other than a State Employees' Retirement System employer . . . .

Section 5102 of SERC.

received by those on full-time union leave is considered the salary received by a State employee. Under Section 5201 of SERC, the "remuneration actually received as a State employee" is considered retirement-covered compensation unless it falls into one of the enumerated exclusions: refunds for expenses, contingency and accountable expense allowances; severance payments or payments for unused vacation or sick leave; and payments for military leave. It is clear that the salaries received by the Claimants while on full-time union leave do not fall into any of exclusions listed in the definition of compensation, and Petitioners make no such argument. Thus, the remuneration received by PSP officers on full-time union leave is retirement-covered compensation.

This is the same conclusion reached by the Board. As the Board explained:

> Claimants were still State employees[] during their terms of union leave, albeit State employees on leave to fulfill their union duties. Pursuant to the relevant statutory rules, . . . Claimants received their compensation from their employer, who was then reimbursed by the PSTA for the amounts expended to compensate . . . Claimants. Because of this, the compensation Claimants received while on union leave was "remuneration received by a State employee" pursuant to [SERC].

(R.R. 748a.) The Board analyzed the definition of compensation found in Section 5201 of SERC and determined that it was flexible and inclusive enough to include payments such as overtime pay, shift differentials, and other bargained-for increases, such as the union stipend. (R.R. 747a.) Thus the Board concluded that "[b]ecause [Claimants'] remuneration does not fall into any of the categories of non-compensation payments found in Section 5102's definition, it must therefore be 'compensation' for the purposes of [SERC] and thus included as part of . . . Claimants' retirement-covered compensation." (R.R. 748a.) Accordingly, we

11

cannot conclude that the Board's interpretation and application were clearly erroneous.

Petitioners argue that the Board's interpretation is contrary to the Supreme Court's decision in *Kirsch*. In that case, former public school employees who had taken union officer leave sought to have the higher salaries they had received while on union officer leave—salaries negotiated *ad hoc* every year and not based on the standard salary schedule—included in their retirement benefit calculations. Under PSERC, "leave for service with a collective bargaining organization" is defined as

> [p]aid leave granted to an active member by an employer for purposes of working full time for or serving full time as an officer of a Statewide employee organization or a local collective bargaining representative under the act of July 23, 1970 (P.L. 563, No. 195), known as the Public Employe Relations Act: *Provided*, That greater than one-half of the members of the employee organization are active members of the system; *that the employer shall fully compensate the member, including, but not limited to, salary, wages, pension and retirement contributions and benefits, other benefits and seniority, as if he were in full-time active service*; and that the employee organization shall fully reimburse the employer for such salary, wages, pension and retirement contributions and benefits and other benefits and seniority.

Section 8102 of PSERC (emphasis added). The Supreme Court considered the plain language of this provision, as well as its legislative background and purpose, and found that the "as if he were in full-time active service" language precluded the school employees from receiving credit for the higher salaries they were paid while serving as union officials. *Kirsch*, 985 A.2d at 677. The Supreme Court examined the definition of "compensation" in PSERC, which provides, in pertinent part:

12

Pickup contributions plus any remuneration received as a school employee *excluding* reimbursements for expenses incidental to employment and excluding any bonus, severance payments, *any other remuneration or other emolument received by a school employee during his school service which is not based on the standard salary schedule under which he is rendering service,* payments for unused sick leave or vacation leave, bonuses or other compensation for attending school seminars and conventions, payments under health and welfare plans based on hours of employment or any other payment or emolument which may be provided for in a collective bargaining agreement which may be determined by the Public School Employees' Retirement Board to be for the purpose of enhancing compensation as a factor in the determination of final average salary, and excluding payments for military leave . . . .

Section 8102 of PSERC (emphasis added). The Supreme Court concluded that because the salaries received by the school employees while on union leave were not based on the standard salary schedule, they were excluded from the definition of "compensation" under PSERC and, therefore, were not retirement-covered compensation. *Kirsch*, 985 A.2d at 678. Thus, the Court found that PSERC "allows only the salary corresponding with the position held at the school district during the approved leave be credited to the retiree's retirement earnings; inclusion of increased, union-provided compensation artificially and impermissibly enhances or inflates retirement benefits under [PSERC]." *Kirsch*, 985 A.2d at 672.

Petitioners assert, in essence, that the Supreme Court's conclusion was based on the "as if he were in full-time service" language in the leave for union service provision and that because identical language is found in the SERC union leave provision, the Board was compelled to reach the same result in this case. The Board counters that because the definition of compensation in SERC is different from the definition in PSERC, the Board was not obligated to exclude

13

Claimant's union stipends from their retirement-covered compensation pursuant to *Kirsch*.

We agree with the Board. In both *Kirsch* and the present case, employees on full-time union leave could only receive retirement credit "as if [they] were in full-time active service." The difference between *Kirsch* and the instant case is that in *Kirsch*, the school employees, even if not on union leave, would not have been entitled to have any portion of their salary outside of the standard salary schedule credited as retirement-covered compensation, while Claimants here, whether on full-time union leave or not, are entitled to have all remuneration credited as retirement-covered compensation (except for exclusions not applicable here). The Board's interpretation and application, therefore, were not contrary to law or clearly erroneous.[11]

Lastly, Petitioners assert that the Board erred in concluding the union stipends were retirement-covered compensation, because, in doing so, it allowed the December Award to create, alter, or modify Claimants' retirement benefits in violation of Section 5955 of SERC. Section 5955 of SERC provides, in pertinent part:

> Regardless of any other provision of law, pension rights of State employees shall be determined solely by this part or any amendment thereto, and no collective bargaining agreement nor any arbitration award between the Commonwealth and its employees or their collective

---

[11] We note that had the Board decided to exclude the union stipends from Claimants' benefits calculation, we may have affirmed that result as well. To a certain extent, this Court is constrained by our scope of review. The question before this Court is not whether the Board's interpretation is the best interpretation or the interpretation we would have chosen, but, rather, whether it is contrary to law or clearly erroneous. Finding it to be neither, this Court may not overturn it.

14

bargaining representatives shall be construed to change any of the provisions herein, to require the board to administer pension or retirement benefits not set forth in this part, or otherwise require action by any other government body pertaining to pension or retirement benefits or rights of State employees.

The Board vehemently denies that the December Award modifies Claimant's benefits and argues that because the award did not alter the benefits formula or eligibility criteria established by SERC, the December Award did not violate Section 5955 of SERC.

> We agree with the Board. As this Court recently explained:

> Section 5955 [of SERC] should be construed to prohibit only collective bargaining for greater pension benefits than those provided in [SERC]. *Pa. State Troopers Ass'n v. State Emps.' Ret. Bd.*, 677 A.2d 1329 (Pa. Cmwlth. 1996), *appeal denied*, 689 A.2d 237 (Pa. 1997). "Quite simply, [SERC] does not prohibit bargaining over pension benefits, *nor does it prohibit pension benefits from being affected by arbitration awards.* [SERC] prohibits only collective bargaining agreements from determining pension rights." *Id.* at 1331–32. Stated differently, as long as an arbitration award does not grant rights that are unsupported by [SERC], then the award is not unlawful.

*Weaver v. State Emps.' Ret. Bd.*, __ A.3d __ (Pa. Cmwlth., 124 C.D. 2015, filed Oct. 23, 2015), slip op. at 9 (emphasis added). Additionally, we note that the legality of the December Award was upheld by the Supreme Court in *PSTA II* on the basis that it did not violate SERC even though it increased salaries for troopers on union officer leave. *PSTA II*, 23 A.3d at 977. Furthermore, the Board did not allow the award to determine Claimants' benefits but instead based that determination on the requirements set forth in Sections 5102 and 5302(b)(2) of SERC, as explained above. This is, therefore, simply a case where an arbitration award has affected the pension benefits, as permitted by SERC. *See Weaver*,

15

124 C.D. 2015, slip op. at 9. Thus the Board's interpretation did not violate Section 5955 of SERC.

For the reasons discussed above, the order of the Board is hereby affirmed.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Office of Administration and :
Pennsylvania State Police, :
                      Petitioners :
                      :
           v. : No. 925 C.D. 2015
                      :
State Employees' Retirement Board, :
                   Respondent :

## O R D E R

AND NOW, this 29th day of December, 2015, the order of the State Employees' Retirement Board is hereby AFFIRMED.

 

 

                                                        
_____
                                    P. KEVIN BROBSON, Judge